UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

NATALIYA PINYUK on behalf of herself and
all other similarly situated consumers

                                       Plaintiff,

     -against-

DIVERSIFIED CONSULTANTS, INC.
D/B/A DIVERSIFIED CONSULTANTS INTERNATIONAL

                                       Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Nataliya Pinyuk, brings this action against Diversified Consultants, Inc. d/b/a Diversified Consultants International, (herein after referred to as "Diversified") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Natalya Pinyuk

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 7, 2017, Diversified sent the Plaintiff a collection letter.

11. The said letter stated the Current Creditor as "VERIZON".

12. When looking on the NYS Department of State Division of Corporations, one cannot find any such entity by the name of "VERIZON" registered.[1]

13. There are actually more than thirty-seven entity names registered on the NYS Department of State Division of Corporations that begin with the word "VERIZON".

14. An unsophisticated consumer is left in the dark as to which of those thirty-seven entities on the NYS Department of State Division of Corporations is in fact the creditor to whom the alleged debt is owed.

15. Defendant failed to state effectively "the name of the creditor to whom the debt is

---

[1] McGinty v. Prof'l Claims Bureau, Inc., 2016 U.S. Dist. LEXIS 143627 ([Defendant's] Collection Letters are similarly deficient because: (i) the letters' captions, which read "Re: NSLIJ PHYSICIANS - DEPT OF ORTHOPEDIC SURGERY" and "Re: ST CATHERINE OF SIENNA," fail to identify the Medical Providers as Plaintiffs' current creditors; and (ii) the letters, which state that "[t]he above referenced account has been referred to our offices for collection," fail to make clear on whose behalf PCB was acting when it sent the Collection Letters.); Clomon v. Jackson, 988 F.2d 1314, 1993 U.S. App. LEXIS 4965 (2d Cir. Conn. 1993); Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 2003 U.S. App. LEXIS 3409, 55 Fed. R. Serv. 3d (Callaghan) 746 (2d Cir. N.Y. 2003); Savino v. Computer Credit, 164 F.3d 81, 1998 U.S. App. LEXIS 31652, 42 Fed. R. Serv. 3d (Callaghan) 1154 (2d Cir. N.Y. 1998); McStay v. I.C. Sys., 308 F.3d 188, 2002 U.S. App. LEXIS 21542 (2d Cir. N.Y. 2002) see also, 15 U.S.C. § 1692g(b).; Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008) citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996).

owed."[2]

16. An unsophisticated consumer is left confused as to who the creditor is in this case.[3]

17. Said letter is deceptive and misleading in violation of 15 U.S.C. §§ 1692e and 1692e(10).

18. Said July 7, 2017 letter is deceptive and misleading as it failed to correctly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. §§ 1692e, 1692e(10).

19. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

20. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

21. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

22. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

23. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

24. Defendant's communications were designed to cause the debtor to suffer a harmful

---

[2] Beltrez v. Credit Collection Servs., 2015 U.S. Dist. LEXIS 160161 (E.D.N.Y. Nov. 25, 2015) ("As Plaintiff has stated a plausible claim that the Defendant's failure to explicitly and accurately name the creditor to whom the debt is owed would likely confuse the least sophisticated consumer as to the name of the actual creditor to whom the debt is owed, Defendant's motion must be denied."); Schneider v. TSYS Total Debt Mgmt., Inc., No. 06-C-345, 2006 WL 1982499 (B.D. Wis. July 13, 2006) ("[T]hroughout its briefs, [the debt collector] implies that the full and complete name of the creditor includes the name 'Target.' Yet, without the full and complete name of the creditor, be it Target National Bank, Target Customs Brokers, Inc., or a corporation that simply identifies itself by the acronym 'T.A.R.G.E.T,' it would be impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom [the consumer's] debt is owed. Moreover, given that the full and complete name of the creditor is unknown, at least to the cornt, and given the fact-based nature of the confusion question, it would not be appropriate, at this early stage of the litigation, for the court to determine whether the unsophisticated debtor would be confused by the collection letter.")

[3] Lee v. Forster & Garbus LLP, 12 cv 420, 2013 WL 776740 (E.D. N.Y. 2013) ("Defendants fare no better insisting that any misidentification in the Collection Letter was immaterial. As an initial matter, this argument only could apply to the alleged Section 1692e and Section 1692f violations. Section 1692(g)[(a)](2) specifically requires debt collectors to identify the creditor to whom the debt is owed in the initial communication or within five days of the initial communication. There is nothing in the statute requiring the identity of the creditor to be "material" to the communication. In addition, even assuming, arguendo, that a deceptive statement must be material to violate Section 1692e and Section 1692f, failing to identify the creditor here after "pay to the order of" on the payment check to ensure that the debt is satisfied. Accordingly, Defendants' materiality argument is without merit."), Pardo v. Allied Interstate, LLC, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sept. 21, 2015); Walls v. United Collection Bureau, Inc., 2012 U.S. Dist. LEXIS 68079, *4-5, 2012 WL 1755751 (N.D. Ill. May 16, 2012), Deschaine v. Nat'l Enter. Sys., 2013 U.S. Dist. LEXIS 31349, *3-5 (N.D. Ill. Mar. 7, 2013).

disadvantage in charting a course of action in response to the Defendant's collection efforts.

25. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

26. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

27. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

28. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

29. The identities of all class members are readily ascertainable from the records of Diversified and those business and governmental entities on whose behalf it attempts to collect debts.

30. Excluded from the Plaintiff's Class is Diversified and all officers, members, partners, managers, directors, and employees of Diversified, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

31. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Diversified's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

32. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

33. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

34. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate

over any questions or issues involving only individual class members. The principal issues are whether Diversified's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual

      members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

35. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

36. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37. Further, Diversified has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

38. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

39. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through thirty eight (38) herein with the same force and effect is if the same were set forth at length herein.

40. This cause of action is brought on behalf of Plaintiff and the members of a class.

41. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about July 7, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692g and 1692g(a)(2) for failing to correctly identify the name of the creditor to whom the debt is owed.

### Violations of the Fair Debt Collection Practices Act

42. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

43. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (c)  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
    September 19, 2017

                 /s/ Maxim Maximov\_\_\_\_\_
               Maxim Maximov, Esq.
               Attorneys for the Plaintiff
               Maxim Maximov, LLP
               1701 Avenue P
               Brooklyn, New York 11229
               Office: (718) 395-3459
               Facsimile: (718) 408-9570
               E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                 /s/ Maxim Maximov\_\_\_\_\_
               Maxim Maximov, Esq.